IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| DUC CONG VUONG, | ) | CASE NO. 10-80206-G3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

       The court has held an evidentiary hearing on the "Application for Trustee's Compensation and Expenses" (Docket No. 115) filed by Janet S. Northrup, the Chapter 7 Trustee.  The instant case involves the intersection of the efforts of various parties to a bankruptcy case:  the Chapter 7 trustee, the Chapter 7 trustee's assistant, the United States trustee, the Administrative Office of the United States Courts, and the court.  Although the amount in controversy is small, the decisions made with respect to the issues in the instant case potentially have a broad-ranging impact on the administration of Chapter 7 cases filed in this court.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting in part, and denying without prejudice in part, the instant application.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Duc Cong Vuong ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on April 5, 2010. The case was converted to Chapter 7 by order entered on September 20, 2010. (Docket No. 34). Janet S. Northrup ("Trustee") is the Chapter 7 Trustee.

In the instant application, Trustee seeks allowance of the statutory maximum of $7,562.71 in compensation, plus $773.23 in expenses. (Docket No. 115).

The United States Trustee ("UST") objects to $571.43 of Trustee's asserted expenses. UST asserts that the $571.43 represents expenses for paralegals performing routine trustee duties, and thus those expenses are not allowable in addition to the trustee's statutory compensation. UST also asserts that no compensation should be allowed for preparation of Trustee's distribution report--services which have not yet been rendered. (Docket No. 116).

UST states in its objection to the instant application that, "[p]ursuant to the 'Amended Memorandum of Understanding Between The Executive Office For United States Trustees And The Administrative Office Of The United States Courts Regarding Case Closing and Post Confirmation Chapter 11 Monitoring,' ('MOU'), the UST is required to review final reports in chapter 7 asset cases, to notify the chapter 7 trustee of any deficiencies,

problems or mistakes for corrective action, and to file an objection where unresolved deficiencies exist."  (Docket No. 116).[1]

Trustee asserts that UST is bound by the bankruptcy court's opinion in In re Abraham, 163 B.R. 772 (Bankr. W.D. Tex. 1994), under principles of collateral estoppel.  Trustee asserts that the court in Abraham allowed fees for a trustee's paraprofessionals as an administrative expense.  Trustee asserts that UST must treat cases the same in the Southern District of Texas and the Western District of Texas.  (Docket No. 119).

The parties stipulate that Trustee has disclosed $86,254.12 in total receipts, $53,099.73 in interim disbursements, and a cash balance on hand of $33,154.39.  The parties stipulate that Trustee has proposed to distribute $8,985.94 to all unpaid chapter 7 administrative expense claimants, $0 to secured creditors, $911.60 to priority creditors, and $23,256.85 to general unsecured creditors. (Docket No. 128).

The parties stipulate that the disputed paralegal time entries aggregate 13.1 hours, billed at $43.62 per hour.  (Docket No. 128).

---

[1] The MOU is not in evidence.  However, the MOU provides generally for review by UST of final reports and applications for compensation.  The MOU contemplates that the court may modify the amount of allowed fees and expenses.  The MOU is available online at http://www.justice.gov/ust/eo/rules_regulations/mou99/.

The time entries as to which the dispute has arisen state as follows, with respect to the time of Turea Simpson, Trustee's paralegal:

| Date | Description | Time & Rate | Amount |
|---|---|---|---|
| 01/25/2014 | Paralegal: TDR: Estimated time to prepare trustee's report of distribution. | 3.00 @ $43.62 | $130.86 |
| 01/25/2014 | Paralegal: Prepare trustee's final report: review claims, schedules, and docket; review file and documents; prepare email to UST; draft cover letter to UST; prepare notice of submission; review bank statements; e-file notice of submission of final report. | 7.00 @ $43.62 | $305.34 |
| 03/10/2014 | Paralegal: Telephone conference with Heather Lingle regarding Pappas claims and withdrawing. Exchange emails with Heather. File withdrawal. | 0.50 @ $43.62 | $ 21.81 |
| 07/01/2014 | Paralegal; Review emails from creditor. Contact Linda Wilson regarding potential duplicate claim. | 0.30 @ $43.62 | $ 13.09 |
| 07/01/2014 | Paralegal: Estimated time to prepare and distribute funds for TFR. | 0.30 @ $43.62 | $ 13.09 |

| | | | |
|---|---|---|---|
| 07/01/2014 | Paralegal: Revise trustee's final report. Update claims. Review claims register. | 1.00 @ $43.62 | $ 43.62 |
| 07/02/2014 | Paralegal: Revise trustee's final report. Confirm creditor class. Read and respond to email from Linda Wilson regarding creditor's claims. | 1.00 @ $43.62 | $ 43.62 |

(Docket No. 128).

At the hearing on the instant application, Trustee testified that she personally has the capability to perform the services that were performed by Simpson in the instant case. She testified that the services were of the sort that a trustee could routinely perform without employing a professional. She testified that the services have always been performed by her clerical or paraprofessional staff. She testified that all trustees delegate most of those services to their paraprofessionals.

<u>Conclusions of Law</u>

Section 704(a) of the Bankruptcy Code sets forth a list of duties of a trustee. Those duties include to, "if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5), and to "make a final report and file a final account of the

administration of the estate with the court and with the United States trustee." 11 U.S.C. § 704(a)(9). The services identified in the disputed time entries relate to these duties.

> Section 327(a) of the Bankruptcy Code provides:
>
> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

> Section 330(a)(1) of the Bankruptcy Code provides:
>
> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103 –
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

> Section 326(a) of the Bankruptcy Code provides:
>
> (a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of

6

>    $50,000 but not in excess of $1,000,000, and reasonable
>    compensation not to exceed 3 percent of such moneys in
>    excess of $1,000,000, upon all moneys disbursed or
>    turned over in the case by the trustee to parties in
>    interest, excluding the debtor, but including holders
>    of secured claims.

11 U.S.C. § 326(a).

In In re Abraham, 163 B.R. 772 (Bankr. W.D. Tex. 1994), the court authorized the Chapter 7 trustee to utilize paraprofessionals, and pay them as an expense covered under Section 330(a)(1)(B), without the filing of an application for their employment under Section 327(a) of the Bankruptcy Code.  As in the instant case, UST objected to the employment of the paraprofessionals.

Collateral estoppel is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.  Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925 (5th Cir. 1999). Relitigation of an issue is not precluded unless the facts and the legal standard used to assess them are the same in both proceedings.  Id., citing RecoverEdge L.P. v. Pentecost, 44 F.3d 1284 (5th Cir. 1995).

In the instant case, the issues are not identical to those in Abraham.  The services provided by Simpson in the instant case are not identical to those provided by the proposed paraprofessionals in the Abraham case.

Moreover, the court has an independent duty to review the reasonableness of compensation sought by a trustee.  See In re Pruitt, 319 B.R. 636 (Bankr. S.D. Cal. 2004).  The court concludes that collateral estoppel does not bar the court's consideration of the arguments raised by UST with respect to the instant application.

The reasoning of the court in Abraham is persuasive on the question of compensation for paraprofessional services performed for trustees.  As the court in Abraham identified, Chapter 7 trustees are generally underpaid, particularly so in small cases.[2]  There are numerous situations in which trustees are permitted to delegate some of their duties to paraprofessionals, and one situation (handling of funds) in which trustees are required to delegate duties, under UST guidelines, in order to maintain internal controls.  Abraham, 163 B.R., at p. 778-780.

The court in Abraham found an ambiguity in the language of Section 326(a), which limits compensation for "trustee's services," compared to Section 704(a)'s list of the "trustee's duties."  After exhaustively analyzing the case law addressing

---

[2] The court in Abraham also noted that some trustees have hired their own firms in cases in order to offset their undercompensation as trustees.  That practice has significantly diminished in this district, in light of the court's opinions in In re Bechuck, 473 B.R. 371 (Bankr. S.D. Tex. 2012) and its progeny.

whether paraprofessionals can be compensated independent of the Section 326(a) cap on trustee compensation, that court concluded that the "trustee's services" should be construed narrowly, and determined not to include paraprofessional services under the Section 326(a) cap. Abraham, 163 B.R., at p. 787-788. This court agrees with the reasoning of the court in Abraham.[3] The court concludes that the trustee can receive reimbursement for the cost of paraprofessional services as an expense independent of the Section 326(a) cap.

However, resolution of the question as to Section 326(a) does not fully resolve the issues raised with respect to the instant application. With respect to the preparation of Trustee's distribution report, Trustee presented no evidence to indicate that the estimated time of three hours to prepare the distribution report is reasonable. The court concludes that the instant application should be denied without prejudice as to that time. The court concludes that the remainder of the application should be granted.

---

[3]The court notes that there is a statutory gap with respect to the treatment of paraprofessionals. Section 327(a) permits a trustee to employ professionals, but does not provide for the direct employment of paraprofessionals. Section 330(a)(1) allows compensation to a trustee or to a professional for the services of paraprofessionals, but does not provide for the direct compensation of paraprofessionals. In the absence of such a mechanism for the direct employment and compensation of paraprofessionals, the court adopts the rationale of Abraham with respect to services provided to Chapter 7 trustees by paraprofessionals.

Based on the foregoing, a separate Judgment will be entered granting in part, and denying without prejudice in part, the instant application.

Signed at Houston, Texas on February 4, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE